

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLARENCE WILLIAM GARNER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:09-CV-564-A |
| | § | |
| RICK THALER, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

This is a petition for writ of habeas corpus filed in September 2009 pursuant to 28 U.S.C. § 2254 by petitioner, Clarence William Garner, a state prisoner currently incarcerated in Huntsville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. Petitioner filed his amended petition and supporting brief in October 2009. After having considered the pleadings, state court habeas records, records of earlier § 2254 petitions filed by petitioner in this court, and relief sought by petitioner, the court has concluded that the petition should be dismissed as successive and as having been pursued without authorization of the Fifth Circuit.

I.

## Grounds of the Petition

Petitioner is petitioning the court to free him from his confinement that resulted from a fifty-year sentence he received in 1979 when he was convicted in state court for attempted capital murder. Am. App. at 2. The grounds of the petition are that petitioner's constitutional rights have been violated because (1) the records of his 1979 state court trial proceedings no longer are available, thus causing him to be denied access to the courts; and (2) the state court denied his state habeas applications without benefit of the official record of the state court trial proceedings that led to his 1979 conviction and sentence. Am. App. at 7, Am. App. Br. at 2-6.

II.

## Successive Petitions

Respondent has filed an answer asserting that the petition is barred as successive. Before a successive § 2254 petition can be pursued in a federal district court, the petitioner must move in the appropriate court of appeals for authorization to file the petition, 28 U.S.C. § 2244(b)(3), and must obtain an order of the court of appeals authorizing the district court to consider the petition, Rule 9 of the Rules Governing Section 2254 Cases in the

United States District Courts.  Section 2244(b)(2) of title 28, United States Code, requires dismissal of a claim presented in a successive § 2254 petition that was not presented in a prior petition unless-

> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

The petition under consideration is petitioner's third § 2254 petition filed in this court complaining of his confinement resulting from his 1979 state court conviction. The first was filed August 24, 1988, styled "Clarence W. Garner v. James A. Lynaugh, Director, Texas Department of Corrections," docketed as No. CA-4-88-542K, and denied by final judgment signed January 16, 1990. The second was filed May 3, 2001, styled "Clarence William Garner v. Gary Johnson, Director, Institutional Division of the Texas Department of Criminal Justice," docketed

as No. 4:01-CV-374-Y, and denied by final judgment signed February 14, 2002.[1]

Petitioner does not contend that he has moved the Fifth Circuit for authorization to file this successive § 2254 petition, much less that he has obtained an order of the Fifth Circuit authorizing the court to consider the petition. Moreover, petitioner has failed to show that, if otherwise considered, the claims presented in this successive § 2254 habeas petition should not be dismissed pursuant to 28 U.S.C. § 2244(b)(2). He does not suggest that either of his claims relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, nor does he contend that § 2244(b)(2)(B)(ii) applies or that the factual predicate for his claims could not have been discovered previously through the exercise of diligence. As to the latter, the record establishes that starting in 1984 petitioner was complaining of inability to

---

[1]Petitioner has filed six state habeas applications complaining of his confinement as a result of his 1979 state court conviction for attempted capital murder. The first, bearing No. WR-14,239-01, was filed in June 1984 and denied in January 1985; the second, bearing No. WR-14,239-02, was filed in April 1986 and denied in September 1986; the third, bearing No. WR-14,239-03, was filed in April 1987 and denied in January 1988; the fourth, bearing No. WR-14,239-04, was filed in August 2000 and denied in November 2000; the fifth, bearing No. WR-14,239-05, was filed in August 2000 and denied in November 2000; and, the sixth, bearing No. WR-14,239-06, was filed in July 2008 and denied in August 2008.

4

obtain his state court record for use in seeking post-conviction relief. WR-14,239-01 at 5. Petitioner has known since 1984 that the state court was ruling on his state habeas applications without the benefit of a complete record of his 1979 criminal proceedings. He again complained in WR-14,239-03 of his inability to obtain the state court record, that time complaining that he wanted the state court record to use in connection with an out-of-time appeal. WR-14,239-03 at 6. In petitioner's first § 2254 petition to this court in 1988 he complained of his inability to obtain a state court record for the purpose of an out-of-time appeal from his 1979 conviction. No. CA-4-88-542K, Docket Entry 1 at 6. On September 28, 1988, petitioner filed a motion in No. CA-4-88-542K for an extension of time for the filing of a document that was due to be filed on that date on the ground that he needed additional time "to investigate matters not contained in the official records and also to obtain copies of relevant state court records that do exist." Id., Docket Entry 4 at 1. In contrast, petitioner presents nothing that would support a contention, if it had been made, that the factual predicates for his claims could not have been discovered previously through the exercise of diligence.

5

III.

Order

For the reasons given above,

The court ORDERS that petitioner's petition pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as successive and as having been pursued without authorization of the Fifth Circuit.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED February 11, 2010.

_____
JOHN McBRYDE
United States District Judge